IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| JOHN P. TURNER, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 5:17cv00058 |
| | ) |
| v. | ) |
| | ) By:   Michael F. Urbanski |
| SOCIAL SECURITY ADMINISTRATION, | ) United States District Judge |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

By Memorandum Opinion and Order entered June 9, 2017, the court dismissed plaintiff John P. Turner's pro se social security disability appeal for lack of jurisdiction under 42 U.S.C. § 405. From the evidence he presented to the court, it appears that Turner's claim remains pending at the Appeals Council and no final decision has been issued by the Commissioner. As Turner has not exhausted his administrative remedies, there can be no judicial review. See Sims v. Apfel, 530 U.S. 103, 107 (2000) (internal citations omitted).

Turner now moves for reconsideration of the court's decision (ECF No. 5), seeking "a consolidated administrative and judicial review." Motions for reconsideration, while not uncommon in federal practice, are not recognized under the Federal Rules of Civil Procedure. See Ambling Mgmt. Co. v. Univ. View Partners, LLC, No. WDQ-07-2071, 2010 WL 457508, at *1 n.3 (D. Md. Feb. 3, 2010); Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 100 (E.D. Va. 1983). Nevertheless, courts have held that these motions can perform a valuable function. Above the Belt, Inc., 99 F.R.D. at 101. Such a motion would be appropriate where, for example,

1

> the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or acts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.

Id. Indeed, because of the interest in finality, courts should grant motions for reconsideration sparingly. Univ. of Va. Patent Found. v. Gen. Elec. Co., 755 F. Supp. 2d 738, 743–44 (W.D. Va. 2011) (quoting Dayoub v. Penn–Del Directory Co., 90 F. Supp. 2d 636, 637 (E.D. Pa 2000)); see Downie v. Revco Discount Drug Ctrs., No. 3:05cv00021, 2006 WL 1171960, at *1 (W.D. Va. May 1, 2006). A motion to reconsider should not be used to reiterate arguments previously made or "to ask the Court to rethink what the Court had already thought through—rightly or wrongly." Above the Belt, Inc., 99 F.R.D. at 100.

Because Turner filed his motion for reconsideration within 28 days of the court's dismissal order, the court will construe it as a motion to alter or amend a judgment pursuant to Rule 59(e). See Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978) ("[I]f a post judgment motion is filed within ten days of the entry of judgment and calls into question the correctness of that judgment it should be treated as a motion under Rule 59(e), however it may be formally styled."); see also MLC Auto., LLC v. Town of S. Pines, 532 F.3d 269, 277–78 (4th Cir. 2008) (noting CODESCO continues to apply notwithstanding the amendment of Federal Rule of Appellate Procedure 4). Although Rule 59(e) does not set forth the standard under which a district court may amend an earlier judgment, the Fourth Circuit has outlined three reasons for doing so: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear

error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). None of these circumstances is present in the instant case. Federal courts are courts of limited jurisdiction. The court's exclusive jurisdiction to review final decisions of the Commissioner of Social Security is set forth in 42 U.S.C. § 405 and is limited to *final* decisions by the Commissioner. As there appears to be no such final decision rendered in this case, this court lacks jurisdiction to consider Turner's claim. Turner's motion for reconsideration therefore will be **DENIED**.

An appropriate Order will be entered.

Entered: 06/18/2017

Michael F. Urbanski
United States District Judge